UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PAUL L. GAUGHEN,

Plaintiff,

v.

SEARS ROEBUCK AND CO. d/b/a SEARS, SEARS CREDIT CARDS; CITIBANK (SOUTH DAKOTA), N.A. d/b/a CITIBANK, CITICORP;,

Defendants.

No. CV-08-26-FVS

ORDER GRANTING AND DENYING SUMMARY JUDGMENT

**THIS MATTER** comes before the Court for consideration of four motions. The plaintiff is represented by Timothy W. Durkop; the defendants are represented by James B. King and Christopher J. Kerley.

**BACKGROUND**

Paul L. Gaughen opened a Sears credit card account with Citibank (South Dakota), N.A. ("Citibank"), and ordered two appliances from Sears Roebuck and Co. ("Sears"). The appliances were not what Mr. Gaughen expected. Consequently, he returned one of them, and cancelled his order for the other. Sears accepted his decision, but encouraged him to make additional purchases. He did just that. Using his Sears credit card, he bought a third appliance. In his opinion, it was unsatisfactory, so he returned it. Once again, Sears accepted his decision to return the appliance. Despite this, Citibank did not adjust his credit card account to reflect the fact that he no longer

owed anything. This led to a long-running dispute between Mr. Gaughen and Citibank. Eventually, he contacted the three major consumer reporting agencies -- Equifax, TransUnion, and Experian -- to ascertain what, if any, information Citibank had reported to them about him. Based upon the responses he received from the consumer reporting agencies ("CRAs"), he concluded that Citibank had reported inaccurate information. He advised Equifax, TransUnion, and Experian that he disputed the information which Citibank had furnished to them. At least two of them notified Citibank of the dispute. Citibank responded to their notices. However, instead of correcting the allegedly inaccurate information, Citibank affirmed it. Not only that, but Citibank sold Mr. Gaughen's account to a debt collector, which pressured him to pay money he claims he does not owe. This action followed. Mr. Gaughen alleges that Sears and Citibank have violated the Fair Credit Reporting Act, the Fair Credit Billing Act, and the State of Washington's Consumer Protection Act.[1] The defendants move for summary judgment. Fed.R.Civ.P. 56.

**FAIR CREDIT REPORTING ACT**

Citibank furnished information about Mr. Gaughen to CRAs. Thus, Citibank was a "furnisher" of information within the meaning of the Fair Credit Reporting Act ("FCRA"). *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir.2002). Mr. Gaughen alleges he complained to the CRAs that Citibank had furnished inaccurate information about him. If Citibank received notice of the dispute, it had a duty to conduct an investigation of Mr. Gaughen's

[1]Mr. Gaughen has abandoned a claim for defamation.

complaints. 15 U.S.C. § 1681s-2(b). *See Nelson*, 282 F.3d at 1059 (summarizing a furnisher's duties under § 1681s-2(b)). Not only that, but also Citibank's investigation had to be reasonable in view of the information it received from the CRAs. *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1017 (9th Cir.2009).

The defendants argue that they are entitled to summary judgment on Mr. Gaughen's FCRA claim because he has failed to present evidence from which a rational jury could find that Citibank's investigations were unreasonable. The problem with the defendants' argument is that it places the cart before the horse. Contrary to the defendants, "a moving party may not require the nonmoving party to produce evidence supporting its claim . . . simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies*, Inc., 210 F.3d 1099, 1105 (9th Cir.2000). Instead, it is the moving party who bears the initial burden of production under Rule 56. 210 F.3d at 1102. The moving party may satisfy its burden either by producing "evidence negating an essential element of the nonmoving party's claim," *id.*, or by showing "that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id.*

The defendants seek summary judgment on the ground Mr. Gaughen cannot prove Citibank failed to fulfill its statutory duties under the FCRA. In order for the defendants to carry their initial burden of production under Rule 56, they must present evidence from which a rational jury could find that Citibank did, in fact, conduct investigations and that the investigations which it conducted were

reasonable. Only then does Mr. Gaughen have a duty to produce evidence supporting his FCRA claim. *See Nissan*, 210 F.3d at 1103.

The Court has reviewed the defendants' statement of material facts. It does not point to evidence in the record describing the investigations which Citibank conducted in response to the notices that it received from the CRAs. Absent evidence that Citibank conducted reasonable investigations, the defendants cannot negate an essential element of Mr. Gaughen's FCRA claim, nor can they show that he does not have enough evidence of an essential element to carry his ultimate burden of persuasion at trial. *See id.* at 1102. That being the case, the defendants have failed to carry their initial burden of production under Rule 56. Mr. Gaughen is under no obligation to produce any evidence at this stage in the proceedings that supports his FCRA claim. The Court must deny the defendants' motion for summary judgment with respect to this claim.[2]

**FAIR CREDIT BILLING ACT**

The defendants do not dispute that Mr. Gaughen was a "debtor" and that Citibank was a "creditor" within the meaning of the Fair Credit Billing Act ("FCBA"). When a FCBA debtor sends a FCBA creditor a billing-error notice that complies with 15 U.S.C. § 1666(a), the FCBA creditor must acknowledge the notice and conduct an investigation.

---

[2]The defendants argue that even if Citibank violated the FCRA, its violations were negligent, 15 U.S.C. § 1681o, not willful, 15 U.S.C. § 1681n. Perhaps so; but without any significant evidence regarding the investigations that Citibank conducted, the Court cannot resolve the issue at this stage in the proceedings.

*Id.* Mr. Gaughen alleges he sent a notice to Citibank that triggered its obligations under § 1666(a), but that Citibank failed to fulfill its statutory duties.

The defendants challenge the factual basis of Mr. Gaughen's FCBA claim. According to them, he has failed to identify a statutorily sufficient billing-error notice. They are correct. His statement of material facts does not clearly indicate where in the record the Court may find a copy of the statement that allegedly contained a billing error. Nor does his statement of material facts clearly indicate where in the record the Court may find a copy of the written notice he sent to Citibank contesting the disputed statement.[3]

Were the initial burden of production upon Mr. Gaughen, his failure to identify the relevant documents would be fatal to his FCBA claim. However, he does not bear the initial burden of production; the defendants do. *Nissan*, 210 F.3d at 1102. They must demonstrate that they asked him to identify the documents upon which his FCBA claim is based and that either he could not identify any documents, or, if he did, the documents he identified do not comply with the requirements set forth in § 1666(a). *See Nissan*, 210 F.3d at 1105 ("In its [summary judgment] motion, Celotex pointed out that Catrett had 'failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about the

[3]It is not the Court's responsibility to comb the record looking for the information. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir.2007) ("[a] district court does not have a duty to search for evidence that would create a factual dispute").

decedent's exposure to [Celotex's] asbestos products.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 320, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986))).

Nowhere does the defendants' statement of material facts indicate that they used the discovery devices that were available to them in order to ascertain the factual basis of Mr. Gaughen's FCBA claim. Absent evidence that he could not produce any documents or, in the alternative, that the documents he produced were inadequate to trigger Citibank's duties under the FCBA, the defendants cannot satisfy their initial burden of production with respect to Mr. Gaughen's FCBA claim. Consequently, he does not have a duty to identify the documents upon which his FCBA claim is based. The defendants' motion for summary judgment on this claim fails at the threshold.

**WASHINGTON CONSUMER PROTECTION ACT**

Mr. Gaughen alleges the defendants violated the State of Washington's Consumer Protection Act ("CPA"), chapter 19.86 RCW. The five elements of a CPA claim are well established. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The defendants argue that Mr. Gaughen cannot prove the third and fourth elements; namely, public interest impact and injury. Despite making this argument, the defendants have not pointed to any materials on file which demonstrate that he will be unable to prove those two elements of his CPA claim. *Nissan*, 210 F.3d at 1105. Since the defendants have failed to carry their initial burden of production, Mr. Gaughen need not present any evidence to support his CPA claim. The defendants' motion for summary judgment on

the merits of his CPA claim fails at the threshold.[4]

That is not necessarily the end of the matter, however. Besides arguing that Mr. Gaughen cannot prove the elements of his CPA claim, the defendants also argue that this claim must be dismissed because it is preempted by the Fair Credit Reporting Act. *See, e.g., Lin v. Universal Card Services Corp.*, 238 F.Supp.2d 1147, 1153 (N.D.Cal. 2002) ("California Consumer Credit Reporting Agencies Act, §§ 1785.25(g) and 1785.31 which allow a private right of action in state court, are preempted").[5] Mr. Gaughen has not responded to the defendants' preemption argument. His failure to do so does not mean the defendants are entitled to summary judgment on this issue. Despite the absence of a response, the Court may not grant summary judgment unless the defendant's submissions demonstrate the absence of a genuine issue of material fact. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.1993). At this juncture, the record is not

---

[4]Which is not to say he will be able to survive a Rule 52(c) motion at the end of his case in chief. While he may be able to prove injury, *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 178-81, 159 P.3d 10 (2007) (discussing the type of evidence that is necessary to establish an injury for purposes of the CPA), it is questionable whether he will be able to prove public interest impact. Unlike *Stephens*, for example, there is no indication Citibank's alleged failure to correct its mistakes was anything other than an isolated incident. 138 Wn. App. at 178.

[5]In an unpublished opinion, United States District Judge Ricardo Martinez suggested that the FCRA preempts certain CPA claims. *Ornelas v. Fidelity National Title Company of Washington, Inc.*, No. C04-2141RSM, 2005 WL 3359112 (W.D.Wash.2005).

well enough developed to permit the Court to rule that Mr. Gaughen's CPA claim is preempted by the FCRA.

**IT IS HEREBY ORDERED:**

***A.*** *The defendants' motion for summary judgment (**Ct. Rec. 20**) is granted in part and denied in part*:

1. The motion is granted with respect to Mr. Gaughen's defamation claim. It is dismissed with prejudice.

2. The motion is denied with respect to Mr. Gaughen's FCRA, FCBA, and CPA claims.

***B.*** *The plaintiff's motion to delay ruling (**Ct. Rec. 29**) is denied.*

***C.*** *The defendants' motion to strike (**Ct. Rec. 40**) is denied as moot.*

***D.*** *The defendants' motion to compel discovery (**Ct. 46**) is denied. The Court will not consider a motion to compel that is made for the first time after the deadline for completing discovery.*

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 17th day of August, 2009.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge